UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| Jeffrey Thomas, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>The Procter & Gamble Company,<br><br>Defendant | 1:22-cv-00914<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges on information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Procter & Gamble Company ("Defendant") manufactures, labels and sells menthol lozenges under the Vicks VapoCool brand promoted for "Severe" conditions described as "Honey Lemon Chill" ("Product").

 

2.     The Product is a "Max Strength" oral anesthetic based on menthol, providing "Fast Relief" because it "Starts Working in Seconds!"

**I.    HONEY LEMON CHILL**

3.     Below "Soothes Sore Throat" is a lozenge beneath a dripping honey dipper, propped up against a lemon wedge, dispensing what appears to be cool vapor into a mouth and nose.

4.     Consumers viewing "Honey Lemon Chill" understand this statement as referring to ingredients in the Product, with "chill" referring to menthol.

5.     While the active and inactive ingredients disclose menthol and honey, they also reveal the absence of any lemon.

**Drug Facts**
**Active ingredient (per drop)** — **Purpose**
Menthol 20 mg............................................................................................................................ Oral anesthetic

*Active ingredient (per drop)*                                                            *Purpose*
Menthol 20 mg……………..…………………..……..…..……………......Oral anesthetic

**Inactive ingredients**
beta carotene, corn syrup, flavors, honey, sucrose, water

 **Inactive ingredients**
 beta carotene, corn syrup, flavor, honey, sucrose, water

6.     Consumers viewing the lemon wedge will expect lemon ingredients, understood as a source of vitamin C and believed to promote immunity.

**II.   SOOTHES SORE THROATS**

7.     Demulcents are bland, inert agents that soothe and relieve irritation of inflamed or abraded surfaces such as mucous membranes.

8.     The Food and Drug Administration ("FDA") has approved elm bark, gelatin,

2

glycerin, and pectin as demulcent ingredients.

9.  Though "soothe" can be used to refer to a product's characteristics such as its feel and taste, "Soothes Sore Throat" tells consumers a product will contain demulcent ingredients.

10. While sugar ingredients, such as the Product's corn syrup and sucrose, can function as demulcents, the label should identify the Product as "Oral anesthetic formulated in a soothing sugar base."

11. This statement would tell consumers about the Product separately from its required labeling indications.

### III.  CONCLUSION

12. As a result of the false and misleading representations, the Product is sold for a premium price of not less than $4.99 for eighteen lozenges, excluding tax and sales, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

### Jurisdiction and Venue

13. Jurisdiction is pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

14. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

15. Plaintiff is a citizen of New York.

16. Defendant is a citizen of Ohio because it is an Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

17. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

18. The members of the class Plaintiff seeks to represent are more than 100, because the

Product has been sold for several years with the representations described here, from thousands of locations including grocery stores, big box stores, drug stores, convenience stores, club stores and online, across the States covered by Plaintiff's proposed classes.

19. Venue is in this District with assignment to the Buffalo Division because a substantial part of the events or omissions giving rise to these claims occurred in Erie County, including Plaintiff's purchase and/or use of the Product and awareness and/or experiences of and with the issues described here.

## Parties

20. Plaintiff Jeffrey Thomas is a citizen of Buffalo, Erie County, New York.

21. Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

22. Defendant owns and controls the Vicks brand of OTC products.

23. Plaintiff purchased the Product at locations including Family Dollar, 1700 Kenmore Ave Buffalo NY 14216, between May 2021 and July 2022, among other times.

24. Plaintiff read the words on the front label including "Soothes Sore Throat" and "Honey Lemon Chill," and saw the picture of the lemon wedge and believed the Product contained lemon and authorized demulcent ingredients.

25. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

26. Plaintiff bought the Product at or exceeding the above-referenced price.

27. Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

28. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

## Class Allegations

29. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of Kansas, Utah, Idaho, North Dakota, Virginia, Texas, Montana, Mississippi and Arkansas who purchased the Product during the statutes of limitations for each cause of action alleged.

30. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

31. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

32. Plaintiff is an adequate representative because his interests do not conflict with other members.

33. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

34. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

35. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350

36.   Plaintiff incorporates by reference all preceding paragraphs.

37.   Plaintiff believed the Product contained lemon and demulcent ingredients like those authorized.

38.   Defendant's false, misleading and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

39.   Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

40.   The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

41.   The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

42.   Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

### Breaches of Express Warranty,
### Implied Warranty of Merchantability/Fitness for a Particular Purpose
### and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

43.   The Product was manufactured, identified, marketed and sold by Defendant and expressly and impliedly warranted to Plaintiff that it contained lemon and demulcent ingredients like those authorized.

6

44. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

45. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires, a product containing lemon and demulcent ingredients like those authorized.

46. Defendant's representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant it contained lemon and demulcent ingredients like those authorized.

47. Defendant's representations affirmed and promised that the Product contained lemon and demulcent ingredients like those authorized.

48. Defendant described the Product as containing lemon and demulcent ingredients like those authorized, which became part of the basis of the bargain that it would conform to its affirmations and promises.

49. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

50. This duty is based on Defendant's outsized role in the market for lozenges, as custodian of the trusted Vicks brand.

51. Plaintiff recently became aware of the Product's breach of its warranties, and provided or provides notice to Defendant, its agents, representatives, retailers, and their employees of this breach.

52. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices,

and by consumers through online forums.

53. The Product did not conform to its affirmations of fact and promises due to Defendant's actions, as it did not contain lemon and demulcent ingredients like those authorized.

54. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to its promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it contained lemon and demulcent ingredients like those authorized.

55. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because he expected it contained lemon and demulcent ingredients like those authorized, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

## Fraud

56. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained lemon and demulcent ingredients like those authorized, when it did not.

57. The lemon representations took advantage of consumer association of lemons with vitamin C and immunity, even though there is no credible evidence that lemon ingredients would have a therapeutic benefit in the Product.

## Unjust Enrichment

58. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   November 26, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com